Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 454584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C.  20005
202-408-5565

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C.  20005<br><br>            Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>Internal Revenue Service<br>1111 Constitution Avenue, N.W.<br>Washington, D.C.  20224<br><br>            Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, challenging the failure of the Internal Revenue Service ("IRS"), a component of the U.S. Department of the Treasury ("Treasury"), to fulfill the request of plaintiff for copies of all complaints filed by any individual or entity with any office of

the IRS that mention or relate to CREW or its Executive Director.

    2.  This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

    3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

    4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process.  CREW uses a combination of research, litigation, and advocacy and relies in large part on information it gets from the FOIA to advance its mission .

    5.  CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously.  CREW monitors closely the laws and rules applicable to government agencies.

    6.  CREW is harmed by the IRS's failure to comply with the FOIA, because that failure

harms CREW's ability to provide full, accurate, and current information to the public.  5 U.S.C.

§ 552(a)(6)(C).

7.  Defendant U.S. Department of the Treasury is an agency within the meaning of 5

U.S.C. § 552(f).  Treasury and its component, the IRS, have possession and control of the

requested records and are responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release

requested records to the public unless one or more specific statutory exemptions apply.

9.  An agency must respond to a party making a FOIA request within 20 working days,

notifying that party of at least the agency's determination whether or not to fulfill the request,

and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. §

552(a)(6)(A)(i).

10.  An agency must respond to a FOIA appeal within 20 working days, notifying the

appealing party of the agency's determination to either release the withheld records or uphold the

denial.  5 U.S.C. § 552(a)(6)(A)(ii).

11.  In "unusual circumstances," an agency may delay its response to a FOIA request or

appeal, but must provide notice and must also provide "the date on which a determination is

expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).  Any such delay may not exceed an

additional ten working days beyond the initial 20-working day period mandated by the FOIA.

Id.

12.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from

3

withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

14. On March 21, 2007, plaintiff sent a FOIA request to the IRS seeking records, regardless of format and including electronic records and information, of "any and all complaints filed by any individual or entity with any office of the Internal Revenue Service ("IRS"), including any and all field offices, dating from January 1, 2001, to the present that mention or relate to CREW and/or Melanie Sloan, the Executive Director of CREW." Letter from Anne L. Weismann to IRS, Disclosure Office 3, March 21, 2007 (attached as Exhibit A).

15. CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures, and the request is primarily and fundamentally for non-commercial purposes. Id. As CREW explained, the records it seeks "are likely to contribute to the public's understanding of the manner in which outside political forces attempt to use the IRS complaint process to serve political ends." Id.

16. By letter dated April 19, 2007, the IRS acknowledged that it had received CREW's FOIA request on March 22, 2007, and stated that it was unable to process the request within the

4

20-business day period mandated by the FOIA.  Letter from Joan D. McClean, Disclosure Manager, Disclosure Office 3 to Anne L. Weismann, March 21, 2007 (attached as Exhibit B). The IRS further advised, "You [CREW] may expect a response by June 15, 2007" -- the date by which the IRS "reasonably believe[d] [it] can provide a final response to [CREW's] request."  Id.

17.  By letter dated May 7, 2007, the IRS advised CREW that it was transferring CREW's request to the Headquarters Disclosure Manager in Oklahoma City, OK.  Letter from Joan D. McClean, Disclosure Manager, Disclosure Office 3 to Anne L. Weismann, May 7, 2007 (attached as Exhibit C).

18.  By letter dated June 5, 2007, Valerie Barta, Tax Law Specialist in the Austin, Texas office of the IRS, notified CREW that CREW's FOIA request had been transferred to her office for processing.  Letter from Valerie Barta to Anne L. Weismann, June 5, 2007 (attached as Exhibit D).  According to Ms. Barta, her office had received CREW's request on June 4, 2007, and would be "unable to release the Internal Revenue Service records covered by [CREW's] request by the expiration of the statutory period," which she erroneously calculated to be July 2, 2007.  Id.  Ms. Barta further advised CREW that her office "reasonably believe[d]" it could provide a final response to CREW's FOIA request by August 17, 2007.  Id.

19.  The statutory time for the IRS to respond to Plaintiff's March 21, 2007 FOIA request has run out and Plaintiff has constructively exhausted its administrative remedies.  5 U.S.C. §§ 552(a)(6)(C) and 552(a)(6)B); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

**(Failure to Produce Records)**

5

20.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

21.  Plaintiff properly asked for records within the custody and control of the IRS, a component of Treasury.

22.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

23.  Therefore, defendant violated FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 55(a)(4)(B).

## CLAIM TWO

### (Failure to Respond)

24.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

25.  On March 21, 2007, plaintiff properly filed a FOIA request with the IRS.

26.  To date, plaintiff has not received a determination from the IRS on its FOIA request, and the IRS has exceeded both the 20-working-day statutory time limit for such a determination. 5 U.S.C. § 552(a)(6)(A)(i), as well as the ten additional days that the FOIA affords in "unusual circumstances."  5 U.S.C. § 552(a)(6)(B)(i).

27.  Therefore, Treasury and its component, the IRS, have violated the FOIA's mandate to respond to plaintiff's FOIA request with the statutory time period.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that Treasury and its component, the IRS, have violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of March 21, 2007;

(2) Order the IRS to respond to plaintiff's FOIA request immediately;

(3) Award plaintiff reasonably attorney fees and litigation costs in this action, pursuant to

5 U.S.C. §552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,


Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: June 11, 2007

**EXHIBIT A**



March 21, 2007

IRS FOIA Request
Disclosure Office 3
Room 1210
31 Hopkins Plaza
Baltimore, MD 21201

**Re: FOIA Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq.

Specifically, CREW seeks any and all complaints filed by any individual or entity with any office of the Internal Revenue Service ("IRS"), including any and all field offices, dating from January 1, 2001, to the present that mention or relate to CREW and/or Melanie Sloan, the Executive Director of CREW.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to any complaint concerning CREW and/or Melanie Sloan.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King

v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt . . ."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed throughout the documents. Mead Data Central, 566 F.2d at 261. Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the manner in which outside political forces attempt to use the IRS complaint process to serve political ends.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to

thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfies the criteria for a fee waiver.

Please respond to this request in writing within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records within the 20-day period, please call me within that time period. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Very truly yours,

ANNE L. WEISMANN
Chief Counsel

3

**EXHIBIT B**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

APR 1 9 2007

Anne Weismann
1400 Eye Street, NW, Suite 450
Washington, DC 20005

Dear Ms. Weismann:

This is in reference to your March 21, 2007, Freedom of Information Act (FOIA) request received in our office March 22, 2007, seeking all documents relating to the complaints filed in reference to Melonie Sloan. We are unable to respond to your request by April 19, 2007, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by June 15, 2007. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory tie period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

**STATUTORY EXTENSION OF TIME FOR RESPONSE**

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to *[May 3, 2007]*, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

**ADDITIONAL EXTENSION OF TIME LIMIT**

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *[June 15, 2007]*, by which time we reasonably believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to

Ms. Weismann
Page 2

consider limiting the scope of your request so that we can process it more quickly. If you
want to limit your request, please contact the individual named below.

If you do not agree to an extension beyond the statutory period, and do not want to
modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26
CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or
have your principal place of business, where the records are located, or in the District of
Columbia.
You may file suit no earlier than *[May 3, 2007]*. Your complaint will be treated according
to the Federal Rules of Civil Procedure applicable to actions against an agency of the
United States. These procedures require that the IRS be notified of the pending suit
through service of process, which should be directed to:

> **Commissioner of Internal Revenue**
> **Attention: CC:PA:DPL**
> **1111 Constitution Avenue, NW**
> **Washington, DC 20224**
> **CONTACT INFORMATION**

If you have any questions concerning this correspondence, you may contact Tax Law
Specialist Janice P. Rudolph, ID # 50-06294.   You may address your correspondence
to:  Internal Revenue Service, Disclosure Office 3 –FOIA, George Fallon Federal
Building, 9TH Floor, Room 940, 31 Hopkins Plaza, Baltimore, MD 21201; Fax: 410-962-
4850 or call her at (202)283-7388.   Please refer to case number 03-2007-00467.

We will try to make our determination and provide the appropriate responsive information
to you as quickly as possible.

Sincerely,

Joan D. McClean
Disclosure Manager
Disclosure Office 3 - FOIA

**EXHIBIT C**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

MAY - 7 2007

Anne L. Weismann
CREW
1400 Eye Street, N.W., Suite 450
Washington, DC 20005

Dear Ms. Weismann:

This is in response to your Freedom of Information Act (FOIA) request, dated
March 21, 2007, received in our office on September 22, 2007.

Your request is being transferred to the Headquarters Disclosure Manager in
Oklahoma City, OK.

If you wish to follow up on this matter, please write to the following address:
Disclosure Office, MS 7000 OKC, 55 N Robinson Avenue, Oklahoma City OK
73102-9229.

Should you have any questions concerning this correspondence, you may contact Tax
Law Specialist Janice Rudolph, ID # 50-06294. You may address your correspondence
to: Internal Revenue Service, Disclosure Office 3 –FOIA, George Fallon Federal Building,
9TH Floor, Room 940, 31 Hopkins Plaza, Baltimore, MD 21201; Fax: 410-962-4850 or call
her at (202)283-7388. Please refer to case number 03-2007-00467.

Sincerely,

Joan D. McClean
Disclosure Manager, ID # 52-00489
Baltimore Office

**EXHIBIT D**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

JUN 0 5 2007

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005

Dear Ms. Weismann:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated March 21, 2007. Your request has been transferred to my office for processing. I received your request on June 4, 2007. In your request you are seeking copies of all documents relating to complaints filed in reference to CREW and/or Melanie Sloan, Executive Director of CREW, dating from January 1, 2001 to the present.

Because I received your request on June 4, 2007, the 20 business-day time period prescribed by law begins on this date. I will be unable to respond to your request by July 2, 2007, the expiration of the 20 business-day time period. I apologize for any inconvenience my delay may cause. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory period for a response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as the collection due process or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. However, I will be unable to respond to your request by July 17, 2007, the expiration of the ten-day statutory extension. In order to respond to your request I need additional time to locate, copy, and review records that, to the extent they exist, are responsive to your request.

## ADDITIONAL EXTENSION OF TIME LIMIT

I realize I will be unable to release the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, I have extended the response date to August 17, 2007, by which time I reasonably believe I can provide a final response to your request.

If you agree to this extension of time, no reply to this letter is necessary. If I subsequently deny your request, you still have the right to file an appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit the scope of your request, please contact me at the telephone number shown at the end of this letter.

2

**IF YOU DO NOT AGREE TO THIS EXTENSION**

If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 31 C.F.R. 1.5(j). To file suit, you must petition the U.S. District Court where you live or work, where the records are located or in the District of Columbia.

You may file suit no earlier than July 17, 2007. Your petition will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> Commissioner of Internal Revenue
> Attention: CC:PA:DPL
> 1111 Constitution Avenue, N.W.
> Washington, D. C. 20224

**CONTACT INFORMATION**

I hope you will agree to allow me more time to process your request. You can contact me at (512) 460-4438. Correspondence can be mailed to me at P.O. Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768 or faxed to (512) 460-4437.

Sincerely,

Valerie Barta
Tax Law Specialist
Badge No. 18-03895

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Citizens for Responsibility and Ethics in Washington

**DEFENDANTS**

U.S. Department of the Treasury, Internal Revenue Service

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
202-408-5565

ATTORNEYS (IF KNOWN)

---

**II BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
( FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

# IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS–Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ◉ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC sec. 552. U.S. Department of the Treasury, Internal Revenue Service has failed to produce records in response to plaintiff's FOIA request.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Select YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S)** (See instruction)
**IF ANY**  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE  6/11/07    SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.